**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MB INDUSTRIES, L.L.C.,<br><br>                    *Plaintiff*,<br><br>v.<br><br>PATTON BOGGS LLP,<br><br>                    *Defendant*. | Case No. 1:12-cv-1664-ESH |

## PATTON BOGGS LLP'S MOTION TO DISMISS
## AND FOR JUDGMENT ON THE PLEADINGS

        Defendant Patton Boggs LLP respectfully moves this Court to dismiss Plaintiff MB

Industries, L.L.C.'s complaint for lack of subject of matter jurisdiction, pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(h)(3), and to grant judgment on the pleadings for failure to

state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure

12(b)(6), 12(c) and 12(h)(2)(B).  This motion is supported by the accompanying memorandum of

law and exhibits attached thereto.


Dated: January 27, 2014                    Respectfully submitted,


                                           /s/ Jean V. MacHarg
                                           Jean V. MacHarg (D.C. Bar # 358660)
                                           Samantha R. Petrich (D.C. Bar # 502471)
                                           PATTON BOGGS LLP
                                           2550 M Street, NW
                                           Washington, DC  20037
                                           P: 202.457.6000
                                           F: 202.457.6315
                                           jmacharg@pattonboggs.com
                                           spetrich@pattonboggs.com

4840-2733-1095.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MB INDUSTRIES, L.L.C., <br><br> *Plaintiff*, <br><br> v. <br><br> PATTON BOGGS LLP, <br><br> *Defendant*. | Case No. 1:12-cv-1664-ESH |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AND FOR JUDGMENT ON THE PLEADINGS**</u>

Patton Boggs LLP ("**Patton Boggs**"), through undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the instant complaint for lack of subject matter jurisdiction and for judgment on the pleadings for failure to state a claim upon which relief can be granted.

**I.     Introduction**

Asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), MB Industries L.L.C. ("**Industries**") attempts to state three causes of action against Patton Boggs for (1) breach of contract; (2) breach of fiduciary duty; and (3) breach of implied duty of good faith and fair dealing.

Each of Plaintiff's putative claims arises out of the same nucleus of factual allegations, the gist of which is this: (1) Plaintiff paid Patton Boggs approximately $81,000 to help Plaintiff with its effort to market blast-resistant buildings to the U.S. government by introducing Milo Nickel and Thomas LeBlanc to various government officials and potential business partners; (2) when Messrs. Nickel and LeBlanc jumped ship and went into competition with Plaintiff, Patton

Boggs continued to work with them and promoted their new company's product; and (3) any value from the relationships that Patton Boggs helped Plaintiff to develop was thus lost.  Compl. ¶¶ 5-23.

The verdict of a Texas jury is dramatically at odds with the claims that Plaintiff attempts to assert here.  The preclusive effect of that verdict alone warrants dismissal of this action in its entirety.  The Court's resources need not be expended on reaching those issues, however, as it is clear that federal jurisdiction over this action does not lie.

In short, the Complaint at bar fails to withstand scrutiny under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for at least the following reasons:

- Diversity jurisdiction does not exist here.  At least one Patton Boggs partner is "stateless" – a United States citizen domiciled in a foreign country – and, as a result, Patton Boggs can neither sue or be sued in federal court under 28 U.S.C. §1332(a).
- Plaintiff is not the real party in interest.  The relationship giving rise to this dispute was between Patton Boggs and MBI Global, L.L.C. ("**Global**"), an entity separate and distinct from Plaintiff.
- Global, the real party in interest, has already been awarded $4.4 million in damages in litigation brought against Messrs. Nickel and LeBlanc and others in a separate lawsuit in respect of the same injuries for which Plaintiff attempts to recover here.  Global cannot recover twice for the same injury and cannot now re-litigate the issues it litigated to conclusion in Texas.
- Each of the claims that Plaintiff attempts to assert is time-barred.

These points are discussed in detail below and, together, they mandate dismissal of the instant action in its entirety and with prejudice.

## II.    Standard of Review

In considering a motion to dismiss, the Court "must assume all the allegations in the complaint are true (even if doubtful in fact)… [and] must give the plaintiff the benefit of all

4840-2733-1095.

reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations omitted).  The Court need not, however, accept as true "a legal conclusion couched as a factual allegation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss.  *Id.* Nor is the Court obliged to credit factual allegations "insofar as they contradict exhibits to the complaint or matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).

The Court may take judicial notice of matters outside the complaint, including matters in the general public record and records of prior litigation, without converting a motion to dismiss into a motion for summary judgment.  *Kaur v. Chertoff*, 489 F. Supp. 2d 52, 56 n.4 (D.D.C. 2007) (taking judicial notice of 9th Circuit brief filed by plaintiff in related proceeding); *Clarke v. Holder*, 767 F. Supp. 2d 106, 108 n.1 (D.D.C. 2011) (taking judicial notice of briefs filed in related criminal proceedings).

Finally, where, as here, subject matter jurisdiction is challenged, it is appropriate for the Court to consider competent materials proffered in respect thereof, such as affidavits relating to citizenship and domicile of the parties.  *Mayer Brown LLP v. Dulcich, Inc.*, No. 12-1318, 2013 U.S. Dist. LEXIS 28748, at *4-5 (D.D.C. Mar. 4, 2013) (because one of Mayer Brown's partners is "stateless" for the purposes of diversity jurisdiction as demonstrated by affidavit of partner, subject matter jurisdiction does not exist).

## III.    Argument

Diversity jurisdiction does not lie where, as here, one or more partners in a limited liability partnership is a U.S. citizen who resides in a foreign country.  Dismissal is also

4840-2733-1095.

warranted on the grounds that Industries is not the real party in interest, and substitution of the real party in interest here – Global – would be futile.  Global has already recovered for the injuries alleged by Industries in separate proceedings that Global litigated to conclusion in Texas, and the law forbids it from recovering twice for those injuries.  In addition, Global, the real party in interest, has already litigated to conclusion the cause, nature and extent of its damages.  It is prohibited from re-litigating those issues here.  Finally, it is clear that each of the putative claims that Industries attempts to assert here is time-barred.

## A.  The Court Lacks Subject Matter Jurisdiction

Industries asserts that jurisdiction lies here pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Compl. ¶ 3.  In support of this assertion, Industries alleges that Patton Boggs is organized and existing under the laws of the District of Columbia with its principal place of business there.  *Id.* ¶ 2.  Patton Boggs is, however, a limited liability partnership, and, for the purposes of diversity jurisdiction, "[l]imited liability partnerships are citizens of every state in which its partners are citizens."  *Mayer Brown*, 2013 U.S. Dist. LEXIS 28748, at *3 (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)).  Accordingly, "[f]or diversity jurisdiction to exist when a party is a limited liability partnership, 'all partners…must be diverse from all parties on the opposing side[.]'"  *Id.* (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005)).

"When diversity of citizenship is the issue, the relevant evidence is that relating to the domiciles of the parties."  *Mayer Brown*, 2013 U.S. Dist. LEXIS 28748, at *3 (internal quotations and citations omitted).  "Domicile is determined by two factors:  physical presence in a state, and intent to remain there for an unspecified or indefinite period of time."  *Id.*

4

"When a United States citizen is not domiciled in any state, but is domiciled in a foreign country, he is 'stateless' for the purposes of 28 U.S.C. §1332(a), and diversity of citizenship cannot provide the jurisdictional basis for him suing or being sued in federal court."  *Id*. at *4 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).  "This doctrine has been specifically applied in cases involving United States citizens who are law firm partners but are domiciled abroad."  *Id*. at 5; *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181, 184-85 (3d. Cir. 2008) (noting that "all courts that have addressed the issue have held that such an entity does not qualify for diversity jurisdiction"); *Herrick Co., Inc. v. SCS Comm'ns, Inc.*, 251 F.3d 315, 322-24 (2d Cir. 2001); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990).

Here, as in *Mayer Brown*, the declaration of Patton Boggs partner William Nash (attached as **Exhibit 1**) establishes that he is "stateless."  Mr. Nash is a United States citizen who resides abroad.  Nash Decl. ¶¶ 1, 2, & 4.  Since 2008, he has served as the Managing Partner of Patton Boggs' Abu Dhabi office in the United Arab Emirates.  Nash Decl. ¶ 3.  He has lived in Abu Dhabi with his wife and minor children continuously since August 2008.  *Id*. ¶ 4.  Because non-Emiratis may only buy property in designated investment areas and Mr. Nash does not live in such an area, he rents a home in Abu Dhabi under an annual lease.  *Id*. ¶ 5.  He owns furniture and other personal property, including two automobiles, in Abu Dhabi.  *Id*. ¶ 6.  He has established and maintains bank accounts in Abu Dhabi.  Id. ¶ 7.  He has an Abu Dhabi drivers' license, labor card and residency permit.  *Id*. ¶ 8.  He does not vote in the United States.  *Id*. ¶ 9. The federal income tax returns he files in the United States list his home address in Abu Dhabi. *Id*. ¶ 10.  He does not reside in any state in the United States and does not file personal state tax returns in the United States based upon residency status.  *Id*. ¶ 9.  Although he owns two rental

5

properties in the United States and may return to live in the United States someday, he has no immediate or specific plan to do so.  *Id*. ¶ 11 & 12.

In short, because Mr. Nash resides in Abu Dhabi and intends to remain there for an unspecified and indefinite period of time, Mr. Nash is "stateless" for the purposes of 28 U.S.C. §1332(a).  There is, then, no complete diversity among the parties, and this Court lacks subject matter jurisdiction over this action.

### B.  Industries is not the Real Party in Interest.

Global - - not Industries - - is the real party in interest here, and this case may not move forward unless and until Global is substituted for Industries as the plaintiff pursuing this action. Fed. R. Civ. Proc. 17(a)(1) ("Every action must be prosecuted in the name of the real party in interest.").

Industries is a limited liability company organized and existing under the laws of Louisiana.  Compl. ¶ 1.  It is <u>not</u> the entity to which Patton Boggs made the marketing proposal ("**Proposal**") that is attached as Exhibit A to the Complaint.  That Proposal was addressed to Milo Nickel, President of Global.  *Id*.  Global is a limited liability company that is separate and distinct from Industries.  Indeed, Global was established nearly ten years <u>after</u> Industries.  *See* Appellee's Combined Responsive Brief dated March 29, 2013, filed in *Hunter Buildings & Manufacturing, L.P. et al. v. MBI Global, Inc.*, Fourteenth Court of Appeals, Houston, Texas, No. 14-12-00246 at pp. 2 and 12 (attached as **Exhibit 2** and hereinafter "**Global's Texas Appeal Br.**").

The fact that it was Global (not Industries) that engaged Patton Boggs for federal marketing assistance is made abundantly clear not only by Exhibit A to the Complaint, but also by myriad submissions made by Global in litigation that it took to conclusion in Texas and for

which a jury awarded Global $4.4 million.  That verdict was based on findings that Mr. Nickel,

Global's former President, and Mr. LeBlanc, Global's former Vice President, misappropriated

Global's trade secret information (including information relating to Patton Boggs' marketing

efforts on behalf of Global), breached their fiduciary duties to Global and unfairly competed with

it through the use of that protected information.  *See* Global's Texas Appeal Br. at pp. xiii and

30-40.

According to Global:

- Industries was created in 1999 to manufacture and sell blast-resistant buildings. *Id.* at p. 2.
- Global was created in the spring of 2008.  *Id.* at p. 12.
- When Global was created, it came up with a business plan to target government branches.  *Id.* at p. 33.
- As part of that plan, Global, through its officers Nickel and LeBlanc, hired Patton Boggs to come up with a federal marketing plan.  *Id.* at pp. 33-34; Compl. ¶¶ 5-6.
- Patton Boggs' marketing efforts on behalf of Global, for which Global paid, constituted trade secrets belonging to Global. Global's Texas Appeal Br. at pp. 32-34, and Appendix 1 thereto (Jury Charge and Verdict Form).

Indeed, well-before Industries filed its Complaint against Patton Boggs, Industries

assigned to Global any cause of action Industries might have had arising out of the activities of

Global's former officers, and Industries non-suited all of its claims against those former officers

and others acting in concert with them.  Global's Texas Appeal Br. at pp. 58-59, and Appendix

10 thereto (Assignment).

In short, this case may not move forward unless and until Global is substituted and

ratified as the real party in interest.  For the reasons that follow, however, no such substitution

can properly be made here, and dismissal is, thus, mandated pursuant to Fed. R. Civ. P. 12(b)(6).

*See Siemens USA Holdings, Inc. v. United States*, No. 12-977, 2013 U.S. Dist. LEXIS 115395,

at*4 (citing 6A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE §§ 1550 at 534 & 1554 at 556 (3d ed. 2010)).

### C.  Substitution of Global as the Real Party in Interest Would Not Save the Complaint.

Despite necessarily and conclusively establishing in the Texas proceedings that it was Global that retained Patton Boggs to provide marketing services, this action was filed in the name of Industries and no effort has ever been made to substitute Global for Industries as plaintiff here.  Why?  Because any such effort would be futile.  The law forbids Global from recovering twice for the same injury and prohibits it from re-litigating here issues that it litigated to conclusion in Texas.  Dismissal of this action in its entirety is warranted for this independent reason.  *See Monroe v. Williams*, 705 F. Supp. 621, 623 (D.D.C. 1988) (denying motion to amend complaint as futile).

### i.    Global is Prohibited from Recovering Twice for the Same Injury.

It is axiomatic that where, as here, there is "one injury, the law confers only one recovery, irrespective of the multiplicity of the parties whom or theories which the plaintiff pursues." *Kassman v. Am. Univ.*, 546 F.2d 1029, 1034 (D.C. Cir. 1976); *see also United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 505 F. Supp. 2d 20, 24 (D.D.C. 2007).  Global has already tried to conclusion its case against its former President and former Vice-President and its bitter business rival, Hunter,[1] for breach of fiduciary duty, misappropriation of trade secrets (including information relating to Patton Boggs' marketing efforts on behalf of Global) and

---

[1] "Hunter" includes Hunter Buildings and Manufacturing, L.P., Hunter Building, L.L.P., and Hunter Buildings International, L.L.C.  Fred Gossen and Mark Massey are, respectively, the principals of Industries and Hunter.  Global Texas Appeal Br. at p. 3.  They are bitter business rivals, who have been suing each other and their lawyers in the courts of Texas and Louisiana for nearly 14 years.  *See MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173 (La. 2011) (copy attached as **Exhibit 3**); *MB Indus., LLC v. CNA Ins. Co.*, 52 So. 3d 168 (La. Ct. App. 2010) (copy attached as **Exhibit 4**).

4840-2733-1095.

unfair competition.  *See* Global's Texas Appeal Br. at pp. xiii, 30-40 and Appendix 1 (verdict).

The jury in that case awarded Global $4.4 million in damages.  Global is entitled to no more.

> **ii.**      **Global is Prohibited from Re-litigating Issues that Have Already Been Tried to Conclusion.**

It is equally well-settled that a party to a prior action is precluded from raising the same

issues in another case if, in the prior litigation, those issues were actually and necessarily

determined by a court of competent jurisdiction and preclusion in the second trial does not work

an unfairness.  *See Brodie v. Jackson*, No. 11-1769, 2013 U.S. Dist. LEXIS 102599, at *9

(D.D.C. July 23, 2013) (citing *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983));

*see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 335-337 (1979). That test is satisfied here.

The jury in the Texas litigation decided all questions going to the cause, nature and extent

of Global's damages.  In particular, Global sought damages for past lost profits, loss of goodwill,

lost future profits and exemplary damages against Global's Messrs. Nickel and LeBlanc, Hunter,

and others.  Global's Texas Appeal Br. at p. 13, and Appendix 1 at pp. 16 & 17.  The damages

sought by Global in the Texas litigation were alleged to flow from the misappropriation of

Global's confidential and trade secret information by its former officers (including information

relating to Patton Boggs' marketing efforts on behalf of Global), related breaches of their

fiduciary duties to Global and related acts of unfair competition.  *Id*. at p. xiii.  The jury awarded

Global $4.4 million for lost profits; zero for lost goodwill; zero for future lost profits and no

exemplary damages.  Appendix 1 at pp. 10, 16 & 17.  Global is precluded from re-litigating

those issues here.  *See Parklane*, 439 U.S. at 335-337 (plaintiff is precluded from re-litigating

issues previously determined, as well as seeking damages against a new party that were lost in a

prior proceeding); *Lamont v. Proskauer Rose, LLP*, 881 F. Supp. 2d 105, 115 (D.D.C. 2012)

(when plaintiff has a "full and fair opportunity to litigate" issues in prior case, plaintiff cannot re-litigate those same issues against different parties in new proceeding).

       iii.    **Global's Judicial Admissions Reveal that this Action is Barred by the Applicable Statute of Limitations.**

Each of the three putative claims here is subject to a three-year statute of limitations. *See* D.C. Code § 12-301(7) (breach of contract); D.C. Code § 12-301(8) (claims not otherwise specified); *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 321 (D.C. 2008) (implied duty of good faith and fair dealing); *Mawalla v. Hoffman*, 569 F. Supp. 2d 253, 257 (D.D.C. 2008) (breach of fiduciary duty). With respect to breach of contract and implied duty of good faith and fair dealing claims, this three-year period begins to run at the time of the breach. *See Murray*, 953 A.2d at 321. The date of breach of the covenant is the same as the date of breach of contract because the breach of implied duty of good faith and fair dealing is a contract-based claim. *See id.* Here, according to the Complaint, the contract was first breached at some point prior to August 2009. Compl. ¶¶ 13-14. The Complaint, however, was not filed until October 9, 2012. Thus, both Count I and Count II are time-barred.

The so-called "discovery rule" determines when the three-year statute of limitations begins to run on a breach of fiduciary duty claim. *In re Greater S.E. Cmty. Hosp. Corp.*, 333 B.R. 506, 534 (Bankr. D.C. 2005). The critical question in such circumstances is when the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury, its cause and some evidence of wrongdoing. *Bussineau v. President and Directors of Georgetown College*, 518 A.2d 423, 425 (D.C. 1986). Here, Global was on notice of each of those things at least as early as July 2009, when Mr. LeBlanc resigned as Vice President of Global and Fred Gossen "smelled something rotten" – so rotten, in fact, that he commissioned a

computer forensics expert to examine Mr. LeBlanc's work computer.  Global's Texas Appeal Br.

at 8-9.  Again, these events occurred well over three years before the instant complaint was filed.

## IV.    Conclusion

Diversity jurisdiction does not lie here.  Plaintiff is not the real party in interest.  The real

party in interest is precluded from pursuing this action, which is, in any event time-barred.  For

all of these reasons, Defendant respectfully asks that this action be dismissed with prejudice in its

entirety.

Dated: January 27, 2014                              Respectfully submitted,


                                                     /s/ Jean V. MacHarg_____
                                                     Jean V. MacHarg (D.C. Bar # 358660)
                                                     Samantha R. Petrich (D.C. Bar # 502471)
                                                     PATTON BOGGS LLP
                                                     2550 M Street, NW
                                                     Washington, DC  20037
                                                     P: 202.457.6000
                                                     F: 202.457.6315
                                                     jmacharg@pattonboggs.com
                                                     spetrich@pattonboggs.com

4840-2733-1095.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Notice of Appearance to be electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jean V. MacHarg

Jean V. MacHarg

4840-2733-1095.